CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 14, 2025
Laura A. Austin, Clerk
BY: /s/ K. Lokey
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA & CLAUDE DAVID CONVISSER, <br><br> *Plaintiffs,* <br><br> v. <br><br> JULIE MICHELLE CONVISSER, ET AL., <br><br> *Defendants.* | CASE NO. 3:24-CV-00073 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

    This matter is before the Court on Defendants' motion to dismiss for failure to state a claim. Dkt. 38.[1] Relator Claude Convisser brought this suit against his sister, Julie Convisser; her attorney, James Cox; Linden House LLC, a senior living facility; WIAC LLC, the corporation owning Linden House; an unnamed hospice provider; and ten unnamed physicians (collectively, "Defendants"). Dkt. 1 ¶¶ 21. In his complaint, Convisser alleges Defendants violated, and conspired to violate, the False Claims Act by fraudulently billing Medicare for his mother's hospice care. *Id.* ¶¶ 23-27. Convisser brings three claims in this case: (i) Count I alleging John Doe Hospice Care Provider knowingly presented or caused to be presented a false or fraudulent claim for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A); (ii) Count II alleging John Doe Hospice Care Provider, Jane Doe Physicians 1-10, Linden House LLC or Wial LLC,[2] and Julie Convisser knowingly made, used, or caused to be made or used a false record or

---

[1]     As Relator Convisser does not have names and locations for the John Doe Hospice Care Provider and the Jane Doe Physicians, they have not been served and have no notice of this case. As such, the motion to dismiss is not brought on behalf of them.

[2]     Relator Convisser does not establish which entity he is suing between these two.

statement in violation of 31 U.S.C. § 3729(a)(1)(B); and (iii) Count III alleging every Defendant engaged in a conspiracy to defraud Medicare in violation of 31 U.S.C. § 3729(a)(1)(C). For the following reasons, the Court will grant Defendants' motion to dismiss with prejudice. Dkt. 38. The Court will also dismiss as moot the pending motions in this case. Dkts. 34, 41, 47, 53, 54, 58, 62, 65, 66.

## LEGAL STANDARD

To survive a motion to dismiss under 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When deciding a motion to dismiss, a court must accept the factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted). Although a complaint "does not need detailed factual allegations" to survive a 12(b)(6) motion, a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" to survive a 12(b)(6) motion. *Twombly*, 550 U.S. at 555.

This standard, however, is heightened for plaintiffs who allege fraud or misuse. Under Fed. R. Civ. Pro. 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake" to survive a motion to dismiss for failure to state a claim. When alleging fraud or misuse, a plaintiff "must . . . describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained" to survive. *See United States ex rel. Nathan v. Takeda Pharm. N.A. Inc.*, 707 F.3d 451, 455-56 (4th

Cir. 2013) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)).

## BACKGROUND

The facts alleged in Convisser's complaint are accepted as true for the purposes of a motion to dismiss. Dkt. 1; *see King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

This complaint alleges Medicare fraud stemming from the care of Colette Marie Convisser ("Ms. Convisser"). Ms. Convisser is Relator Convisser's 95-year-old mother who lives in an assisted living apartment at Linden House with her husband and receives Medicare benefits. *Id.* ¶¶ 4-5, 23. According to the complaint, Ms. Convisser has "(i) Alzheimer's Disease, (ii) gastric hernia, (iii) hypertension, and (iv) physical weakness" causing her to be "largely confined to a wheelchair." *Id.* ¶¶ 24, 50. Convisser alleges that, despite all these conditions, Ms. Convisser's physical health has declined "gradual[ly]." *Id.* ¶ 33.

According to Convisser, in "March 2323 (sic)" Ms. Convisser "suffered a PEH gastric hernia" and was admitted "to Martha Jefferson Hospital in Charlottesville." Dkt. 1 ¶ 37. After her return to Linden House, Convisser alleges his sister, working with Jane Doe Physician 1 and 2, "made or adopted and signed . . . a statement . . . that [Ms. Convisser] had a terminal illness," thus allowing "John Doe Hospice Care Provider to make false or fraudulent [Medicare] claims . . . for hospice care." *Id.* ¶¶ 11-12, 38. He alleges the remaining Jane Doe Physicians renewed this certificate eight times after its initial drafting, extending Ms. Convisser's hospice care through September 2024.[3] *Id.* ¶¶ 13-20. Convisser alleges Ms. Convisser's hospice care was fraudulent as she does not have a "qualifying condition" or terminal illness. Dkt. 1 ¶ 26.

---

[3]  Convisser alleges her hospice was extended through the filing of the complaint in September 2024. Dkt. 1 ¶ 20. As it has been over a year since the complaint was filed, it is unknown whether Ms. Convisser still receives hospice care.

On July 15, 2024, Convisser held a meeting with Linden House to object to his mother's hospice care. Dkt. 1 ¶¶ 24-26. During this meeting, Convisser alleges Linden House "could not identify [Ms. Convisser's] qualifying condition." *Id.* ¶ 25. He does not allege any additional evidence of fraud discovered during this meeting. Convisser does, however, allege Linden House had motive to defraud Medicare to "keep defendant Julie Michelle Convisser happy with the placement of [Ms. Convisser] residing in assisted living." *Id.* ¶ 27. He does not allege a motive that his sister or her attorney had when allegedly defrauding Medicare.

In response to the July meeting, Convisser alleges Linden House began "wreck[ing] (sic) retaliation" on him for "raising . . . the question of Medicare fraud and related allegations." *Id.* ¶¶ 25, 56. Specifically, Convisser alleges that "Linden House suddenly issued a No Trespassing Order" after the meeting "barring him from ever seeing his parents again" *Id.* ¶ 57. Further, Convisser alleges that, after the meeting, Convisser's sister, on advice from her attorney, "demand[ed] that Linden House issue [the] No Trespassing Order" and "exercised her power-of-attorney to impose in writing a condition on . . . Convisser's continued financial support from their parents" "which has served . . . as a critical bridge to [his] financial independence." *Id.* ¶ 58. Her written condition "effectively cut[] [his] financial aid off." *Id.* ¶ 60. Convisser alleges this retaliation "shows the improper motive of the defendant conspirators and their desire to cover up the false claims and smother any report or action to rectify them." *Id.* ¶ 61.

Thus, Convisser brought this suit, alleging the claims listed above, and seeking damages for the Government as a *qui tam* relator. Dkt. 1 ¶¶ 67-71. As a relator, Convisser alleges he must receive "at least 15 percent but not more than 25 percent" of the Government's proceeds of this action or the settlement of the claims. *Id.* ¶ 70. He also alleges he must receive "not less than 25

4

percent and not more than 30 percent" of the proceeds even if the Government does not intervene. *Id.* ¶ 71. The Government has not yet intervened.

## ARGUMENT

### A. Convisser's Complaint Fails to Plead Fraud with Particularity

Since the FCA involves allegations of fraud or misuse, the heightened pleading standard of Rule 9(b) applies. Fed. R. Civ. Pro. 9(b). Thus, to state a claim under the FCA, relators must "describe the time, place and contents of the false representations as well as the identity of the person making the misrepresentation and what he obtained therein," including "some indicia of reliability" that an "actual false claim was presented to the government." *Takeda Pharm.*, 707 F.3d at 455-57. A relator "cannot base a fraud claim on nothing more than his own interpretation of an imprecise contractual provision," but must allege "the who, what, when, where, and how" of the alleged fraud in order to survive a motion to dismiss. *United States ex rel. Owens v. First Kuwaiti Gen Trading & Cont. Co.*, 612 F.3d 724, 734 (4th Cir. 2010) (citing *Wilson*, 525 F.3d 370, 378); *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022). Convisser fails to plead such facts and, as "a lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)," all three of his claims must be dismissed. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

Of the fifteen Defendants in this case, Convisser fails to name eleven of them, substituting John and Jane Doe pseudonyms for the parties' names, but insisting they "actually exist." Dkt. 1 ¶ 21. Convisser demonstrates his limited knowledge by alleging "some [Defendants] may be the same as others." *Id.* Although Convisser alleges he will "move this Court for leave to amend by substituting the true and correct names" for the unknown plaintiffs," his complaint has been pending for over a year, and he has failed to do so. *Id.* Thus, as Convisser

5

does not allege the names or roles of who perpetrated the alleged fraud, Convisser fails to plead facts sufficient to establish "who" fraudulently billed Medicare for Ms. Convisser's hospice care. *Owens*, 612 F.3d at 734.

Convisser likewise fails to allege facts sufficient to establish that the fraud took place. *Owens*, 612 F.3d at 734. Convisser alleges that the Jane Doe Physicians created a statement that Ms. Convisser "had a terminal illness" which "enabled defendant John Doe Hospice Care Provider to make false or fraudulent claims on plaintiff the Government's Medicare Program for Hospice Care." Dkt. 1 ¶ 11. He does not allege what types of claims were made, how many claims were made, when the claims were made, where the claims were sent, or any additional details regarding the allegedly false claims.

Finally, Convisser fails to allege facts sufficient to establish that false Medicare claims were presented. His complaint is completely silent about when and how the allegedly fraudulent bills made their way to the Government. This silence fails to present the "indicia of reliability" required by Fourth Circuit precedent. *Takeda Pharm.*, 707 F.3d at 455-57. Because of Convisser's limited, conclusory allegations and his failure to plead facts sufficient to allege the particularity required by Rule 9(b), the Court grants Defendants' motion to dismiss. Dkt. 38.

### B. The Problems in Convisser's Complaint Cannot be Cured with Amendment

Generally, the Fourth Circuit counsels against denying a relator's leave to amend unless "such leave would cause undue prejudice to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *See Crawford v. Senex Law PC*, 259 F. Supp. 3d 464, 475 (W.D. Va. 2017) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). However, a district court need not "give [relators] one without-prejudice ruling on the merits before dismissing with prejudice." *MSP Recovery Claims, Series LLC v.*

6

*Lundbeck LLC*, 130 F.4th 91, 113 (4th Cir. 2025) (quoting *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 196 (4th Cir. 2022)).

Courts find relators act in "bad faith" if they bring complaints, or requests to amend their complaints, with "dishonesty of belief or purpose." *Bad Faith, Black's Law Dictionary* (8th ed. 2004). Courts find dishonesty of belief when a plaintiff is "outright lying;" "deceiving;" "when a party just wants to cause chaos;" or "noticing someone's mistake and saying nothing about it." *Nicholson*, 42 F.4th at 198.

In his complaint, Convisser brings a family dispute and "personal vendetta" to the Court in order to resolve disputes about his mother's care and the family's finances. Dkt. 39 at 2. Nothing in his complaint suggests this is a False Claims Act dispute, despite Convisser styling it as such. Further, Convisser has brought similar suits against similar defendants in both state and federal court attempting to resolve this dispute. *See Convisser v. Linden House*, 2025 WL 2932671, at *7 (W.D. Va. Oct. 15, 2025) (Yoon, J.) (dismissing "sensational and often bizarre allegations" with prejudice); *Convisser v. Exxon Mobil Corp.*, 2024 WL 4833649 (W.D. Va. Nov. 19, 2024) (Yoon, J.); *Convisser v. Convisser et al.*, No. CL 25-1505 (Albemarle Cir. Ct. 2025) (raising substantially similar allegations to this case). As Convisser's complaint is completely devoid of the necessary factual allegations needed to state a claim under the False Claims Act, and because of the large number of cases he has already filed addressing the same issues he raises before the Court, the Court finds he is acting in bad faith and dismisses his complaint with prejudice. Dkt. 38. Because the Court has granted Defendants' motion to dismiss, the Court dismisses the remaining pending motions as moot. Dkts. 34, 41, 47, 53, 54, 58, 62, 65, 66.

## CONCLUSION

Because of the above-stated reasons, Defendants' Motion to Dismiss is **GRANTED**. Convisser's complaint is **DISMISSED with prejudice**. Dkt. 38. The remaining pending motions in the case are **DISMISSED AS MOOT**. Dkts. 34, 41, 47, 53, 54, 58, 62, 65, 66.

It is **SO ORDERED**.

The Clerk's office is hereby directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered this the <u>14th</u> day of November, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE